IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01245-PSF-CBS

MICHAEL WHITINGTON,
     Plaintiff,
v.

LT. SOKOL,
JOHN DOE,
C/O STRICKLER,
C/O SPROWELS,
C/O PINEDA,
C/O CALDWELL, and
C/O JOHNSON,
     Defendants.

---

## RECOMMENDATION AND ORDER OF UNITED STATES MAGISTRATE JUDGE

---

Magistrate Judge Craig B. Shaffer

     This civil action comes before the court on: (1) "State Defendants' Motion to Dismiss Complaint" (filed January 18, 2007) (doc. # 36); (2) "Defendant Fred Caldwell's Motion to Dismiss Complaint" (filed February 6, 2007) (doc. # 46); and (3) Mr. Whitington's "Motion to Accept Evidence to Support Plaintiff's Answer to Defendants['] Motion to Dismiss" (filed March 1, 2007) (doc. # 54).  Pursuant to the Order of Reference dated November 21, 2006 (doc. # 30) and the memoranda dated January 18, 2007 (doc. # 38), February 6, 2007 (doc. # 47), and March 1, 2007 (doc. # 55), these matters were referred to the Magistrate Judge.  The court has reviewed the Motions, "Plaintiff's Answer to State Defendants['] Motion to Dismiss the Complaint" ("Response") (filed March 1, 2007) (doc. # 52), Mr. Whitington's "Affidavit in Support of the Plaintiff's Answer to the Defendants['] Motion to Dismiss" (filed March 1, 2007) (doc. # 53), "State Defendants' Reply in Support of Motion to Dismiss the Complaint" (filed March 12, 2007) (doc. # 56), the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises.

I.      Statement of the Case

Mr. Whitington is a prisoner currently incarcerated at the Sterling Correctional Facility in Sterling, Colorado.  Proceeding *pro se*, Mr. Whitington brought this action pursuant to 42 U.S.C. § 1983.  Mr. Whitington alleges that on October 25, 2001 at the Limon Correctional Facility in Limon, Colorado, Defendants used excessive force on him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. (Complaint (doc. # 3) at pp. 7-14 of 18).  As relief, Mr. Whitington seeks compensatory and punitive damages.  (Complaint (doc. # 3) at pp. 17-18 of 18).  Without citing a Federal Rule of Civil Procedure, Defendants argue that Mr. Whitington has failed to state a claim for relief for two reasons: (1) his claim is barred by the statute of limitations; and (2) he has failed to exhaust his administrative remedies.[1]

Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a claim upon which relief can be granted."  When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff.  *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted).  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Ramirez*, 222 F.3d at 1240 (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

*Pro se* pleadings are to be construed liberally.  *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).  However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based."  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991).

---

[1]      Defendant Sprowls has not been served and has not executed a waiver of service because he is no longer employed by the Colorado Department of Corrections and cannot be served at the Colorado Department of Corrections.

II.     Analysis

A.     Statute of Limitations

Mr. Whitington brings his claim pursuant to 42 U.S.C. § 1983.  Federal courts must look to the applicable state statute of limitations to determine the timeliness of a claim under 42 U.S.C. § 1983.  *Blake v. Dickason*, 997 F.2d 749, 750 (10th Cir. 1993). Colorado law provides a two-year statute of limitations for actions brought pursuant to § 1983.  *See* Colo. Rev. Stat. § 13-80-102(g) (establishing a two-year limitation period for "all actions upon liability created by a federal statute where no period of limitation is provided in said federal statute" and for "all other actions of every kind for which no other period of limitation is provided"); *Blake v. Dickason*, 997 F.2d at 750 (applying § 13-80-102 to § 1983 claim).

The determination of when a § 1983 action accrues is controlled by federal rather than state law.  *Smith v. Gonzales*, 222 F.3d 1220, 1222 (10th Cir. 2000) (citation omitted). "Section 1983 claims accrue, for the purpose of the statute of limitations, 'when the plaintiff knows or has reason to know of the injury which is the basis of his action.' " *Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir.1991) (quoting *Singleton v. City of New York*, 632 F.2d 185, 191 (2d Cir.1980) (further quotations omitted)).  Mr. Whitington's claim arises from an incident that he alleges occurred on October 25, 2001. (*See* Complaint (doc. # 3) at p. 7 of 18).

It is undisputed that Mr. Whitington filed the Complaint on or about June 28, 2006 and the incident that forms the basis of Mr. Whitington's claim occurred on October 25, 2001, more than four years before Mr. Whitington filed his Complaint.  Mr. Whitington argues that the statute of limitations should be tolled because he was under a mental disability.

State law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions.  *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995).  "Colo.

3

Rev. Stat. § 13-81-103 provides for the tolling of any limitations period for the commencement of an action by any person suffering from a disability and provides that unrepresented persons with a disability may bring an action up to two years after the disability terminates." *Neiberger v. Hawkins*, 208 F.R.D. 301, 311 (D. Colo. 2002). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991).

Mr. Whitington asserts that he meets "the definition of a plaintiff under disability per Colorado Statutes and that the plaintiff was with[in] his two year time limit to file the entitled action." (Whitington's Affidavit (doc. # 53) at ¶ 6). Mr. Whitington has alleged and presented evidence that five days after the alleged assault on October 25, 2001, he was transferred to the Colorado State Hospital for psychiatric treatment. (*See, e.g.*, Whitington's Response (doc. # 52) at pp. 17-20 of 20; Whitington's "Motion to Accept Evidence . . ." (doc. # 54) at pp. 2-3 of 20). Mr. Whitington assert that he "was incompetent for at least two years and eight months between the date the plaintiff was assaulted and the date the plaintiff filed his complaint in federal court." (Whitington's Affidavit (doc. # 53) at ¶ 10).

Defendants reply that "Plaintiff's assertion that he remained mentally incompetent during the time he spent at the San Carlos Correctional Facility is meritless." Defendants present evidence that Mr. Whitington engaged in various activities at the San Carlos Correctional Facility that are inconsistent with his allegation that he was mentally incompetent during that time. (*See* Affidavit of Thomas Kolle (doc. # 56-2) at pp. 1-5 of 6).

A defendant presenting a Rule 12(b)(6) motion must accept the standard of review applicable to this procedural route. "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Currier v. Doran*, 242 F.3d 905, 917

4

(10th Cir. 2001) (internal quotation marks and citation omitted).  The court must accept the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff.  *Ramirez*, 222 F.3d at 1240 (citation omitted).

"At the motion-to-dismiss stage, a complaint may be dismissed on the basis of a statute-of-limitations defense only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute."  *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n. 13 (11th Cir. 2005) (internal quotation marks and citations omitted).  *See also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005) (complaint may be dismissed where the "allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations") (citation omitted).

Both Defendants' and Mr. Whitington's arguments and evidence go beyond the standard of review on a motion to dismiss pursuant to Rule 12(b)(6).  At this stage of the proceedings, the pleadings do not establish beyond a doubt that Mr. Whitington cannot prove any set of facts that would toll the statute of limitations based upon his mental incapacity.  The court cannot speculate whether Defendants' affirmative defense based on the statute of limitations or Mr. Whitington's claim for tolling based on mental incapacity will be supported on summary judgment.  To the extent that Defendants' Motions to Dismiss are based on the statute of limitations, they are properly denied.

B.     Exhaustion of Administrative Remedies

Defendants also move to dismiss the Complaint based upon Mr. Whitington's failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  Prior to filing this civil action, Mr. Whitington was required to exhaust administrative remedies pursuant to the PLRA.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  Section 1997e(a) provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

At the time the State Defendants filed their Motion to Dismiss, the Tenth Circuit interpreted the PLRA as imposing "a pleading requirement." *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210 (10th Cir. 2003), *cert. denied*, 543 U.S. 925 (2004). "A complaint that fails to allege the requisite exhaustion of remedies [was] tantamount to one that fails to state a claim upon which relief may be granted." *Steele*, 355 F.3d at 1210. "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." *Steele*, 355 F.3d at 1211 (internal quotation marks and citation omitted).

"The Supreme Court recently rejected our rule in *Steele*, however, and set forth a new standard to govern PLRA lawsuits: 'failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints.' " *Roberts v. Barreras*, --- F.3d --- , 2007 WL 1113956 at * 4 (10th Cir. (N.M.) April 16, 2007) (quoting *Jones v. Bock*, --- U.S. ----, ----, 127 S.Ct. 910, 92 (Jan. 22, 2007) and citing *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223 (10th Cir. (Kan.) Mar. 5, 2007)). Now "the burden of proof for the exhaustion of administrative remedies in a suit governed by the PLRA lies with the defendant." *Roberts v. Barreras*, --- F.3d ---, 2007 WL 1113956 at * 4.

"[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' – rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 127 S. Ct. at 922. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 127 S. Ct. at 923.

Limon Correctional Facility is a Colorado Department of Corrections facility. Thus, CDOC's administrative regulations provide the grievance procedures for inmate

complaints.  The court may take judicial notice of CDOC's administrative process.  *See Ray v. Aztec Well Service Co.*, 748 F.2d 888, 889 (10th Cir. 1984) (court can take judicial notice of agency rules and regulations); *Antonelli v. Ralston*, 609 F.2d 340, 341, n. 1 (8th Cir. 1979) (judicial notice taken of Bureau of Prisons' Program Statement).  Mr. Whitington was required to file a Step 1 grievance "no later than thirty (30) calendar days from the date the offender knew or should have known of the facts giving rise to the grievance or within thirty (30) calendar days after final action was decided which might result in a grievance being initiated."  Administrative Regulation No. 850-04 ("AR 850-04") at Section IV. C. 2. (2000).[2]     The PLRA requires Mr. Whitington to exhaust "such administrative remedies as are available."  42 U.S.C. § 1997e(a).  Upon examining "the plain meaning of the term 'available' in § 1997e(a)," the Tenth Circuit Court of Appeals found "that a prisoner is only required to exhaust those procedures that he or she is reasonably *capable* of exhausting."  *Hoover v. West*, 93 Fed. Appx. 177, 181 (10th Cir. (Okla.) Feb. 19, 2004).  For example, "administrative remedies are not 'available' when prison officials refuse to provide prisoners with grievance forms."  *Baldauf v. Garoutte*, 137 Fed. Appx. 137,141 (10th Cir. (Colo.) June 24, 2005), *cert. denied*, 126 S.Ct. 1360 (2006).  *See also Gonyea v. Mink*, 206 Fed. Appx. 745, 747 (10th Cir. (Colo.) Nov. 14, 2006) ("Although Mr. Gonyea's physical ailments while detained may have been serious, it was unlikely he was so physically or mentally incapacitated during the entire filing window that he was unable to request a grievance form within the appropriate time frame"); *Baldauf v. Garoutte*, 137 Fed. Appx. at 141 ("[T]he plain meaning of 'available' indicates that if a prisoner is hindered from utilizing the grievance procedure, then that grievance procedure is not available").

        As an affirmative defense, the PLRA's exhaustion requirement is "rather like a

---

        [2]     The 2000 version of AR 850-04 appears to govern exhaustion of Mr. Whitington's grievances regarding the alleged assault on October 25, 2001.

statute of limitations, that may be subject to certain defenses such as waiver, estoppel, or equitable tolling." *Wendell v. Asher*, 162 F.3d 887, 890 (5th Cir. 1998). *See also Casanova v. Dubois ("Casanova III")*, 304 F. 3d 75, 78 n. 3 (1st Cir. 2002) (same) (quoting *Wendell v. Asher*, 162 F.3d at 890. Mr. Whitington has alleged and presented evidence that he "was transferred to a mental institution 5 days after the ass[a]ult" and "remained in the [psychiatric ward at the Colorado State Hospital in Pueblo for approximately six month[s]." (Complaint (doc. # 3) at p. 16 of 18). (*See also* Whitington's Response (doc. # 52) at pp. 17-20 of 20; Whitington's "Motion to Accept Evidence . . ." (doc. # 54) at pp. 2-3 of 20). Mr. Whitington alleges that he "was incompetent during and past the 30 day time limit to file the grievance. . . and was mentally unable to complete the grievance process." (Complaint (doc. # 3) at p. 16 of 18; *see also* Whitington's Affidavit (doc. # 53) at ¶ 11). Thus, Mr. Whitington alleges that he had "no available administrative remedy . . . ." (Complaint (doc. # 3) at p. 16 of 18).

Dismissal under § 1997e(a) for failure to exhaust administrative remedies cannot usually be made on pleadings without proof. *See Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007) (" 'only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse' ") (quoting *Aquilar-Avellaveda v. Terrell*, 478 F.3d at 1225). Mr. Whitington has alleged and presented evidence that he is entitled to tolling of the exhaustion requirement. At this stage of the litigation, Defendants have not met their burden of demonstrating that Mr. Whitington has not exhausted his administrative remedies.

Accordingly, **IT IS RECOMMENDED** that:

1.    The "State Defendants' Motion to Dismiss Complaint" (filed January 18, 2007) (doc. # 36) be DENIED.

2.    "Defendant Fred Caldwell's Motion to Dismiss Complaint" (filed February 6,

2007) (doc. # 46) be DENIED.

Further, **IT IS ORDERED** that Mr. Whitington's "Motion to Accept Evidence to Support Plaintiff's Answer to Defendants['] Motion to Dismiss" (filed March 1, 2007) (doc. # 54) is GRANTED.

## Advisement to the Parties

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b);  *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).

The district judge shall make a *de novo* determination of those specific portions of the proposed findings or recommendations to which specific objection is made.  28 U.S.C. § 636(b)(1).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  *See In re Griego*, 64 F.3d at 583;  *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  28 U.S.C. § 636(b)(1).

"[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review."  *One Parcel of Real Property*, 73 F.3d at 1060.  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations

of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (district court's decision to review a magistrate's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate's order, cross-claimant had waived its right to appeal those portions of the ruling);  *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate's ruling).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED at Denver, Colorado, this 21st day of May, 2007.

BY THE COURT:

___s/Craig B. Shaffer_____
United States Magistrate Judge