IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 06-cv-01245-PSF-CBS

MICHAEL WHITINGTON

    Plaintiff,

v.

LT. SOKOL
JOHN DOE,
C/O STRICKLER,
C/O SPROWELLS,
C/O PINEDA,
C/O CALDWELL, and
C/O JOHNSON,

    Defendants.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE
## DATED MAY 21, 2007

This matter comes before the Court on the Recommendation of the Magistrate Judge entered May, 21, 2007 (Dkt. #59), in which he recommends: (1) denying the Motion to Dismiss filed by Defendants Sokol, Strickler, Pineda, and Johnson ("State Defendants") filed January 18, 2007 (Dkt. # 36) along with a supporting brief (Dkt. # 37) and the motion to dismiss filed by Defendant Fred Caldwell on February 6, 2007 (Dkt. # 46) joining in the motion filed by the State Defendants.  In the Recommendation the Magistrate Judge also grants Plaintiff's Motion to Accept Evidence to Support Plaintiff's Answer (Dkt. # 54).  All parties were advised of their right to object to the findings of the Magistrate Judge within ten days of service of the Recommendation.  More than ten

days have elapsed and no objections have been filed. The matter is now ripe for determination by this Court.

**PLAINTIFF'S COMPLAINT**

For purposes of ruling on defendants' motion to dismiss, the Court accepts as true the allegations in plaintiff's *pro se* prisoner complaint filed June 28, 2006 (Dkt. # 3). Plaintiff alleges that on October 25, 2001 he was subject to an assault by prison guards while he was in the segregation wing of the Limon Correctional Facility (Complaint, ¶ 3). He alleges that on four separate occasions before the assault, the defendant prison guards attempted to remove him from the segregation wing but were unsuccessful due to his refusal to wear orange pants (*id.*, ¶¶ 4-7). Plaintiff avers that on October 25, 2001, he was forcibly removed to a holding cell where he again resisted the guards' requests for him to wear orange pants (*id.*, ¶ 12). After this refusal, plaintiff alleges he was cuffed, thrown to the ground, kneed and punched in the back, and electrically shocked on the neck, buttocks and testicles (*id.*, ¶¶ 15-22). His one claim for relief asserts that the defendants' conduct constitutes the use of excessive force in violation of his Eighth Amendment right to be free from cruel and unusual punishment (*id.*, ¶ 8).

**DEFENDANTS' MOTIONS**

The moving defendants filed Motions to Dismiss pursuant to F.R.Civ.P. 12(b)(6), asserting that: (1) the statute of limitations bars plaintiff's complaint as it was filed some four and one-half years after the alleged assault (Dkt. # 37 at 5-6); and (2) that in any event, plaintiff's claims are barred because he failed to exhaust the prison

administrative remedies (*id.* at 6-8). Defendants acknowledge that plaintiff was assigned to the Colorado State Hospital after the October 2001 incident, where he apparently remained until May 9, 2002. Nonetheless, they argue that even if plaintiff's stay in the Colorado State Hospital tolled the statute of limitations, it did so only until his release from the hospital on May 9, 2002. Since he failed to file the instant complaint for more than four years after that date, defendants contend the claims are barred by the applicable two year statute of limitations.

Defendants further assert that plaintiff never filed an administrative grievance and therefore failed to exhaust his administrative remedies prior to the filing of this civil rights case, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). Moreover, defendants argue that a prisoner cannot bypass the requirement to file an administrative grievance by "declining to file administrative complaints and then claim that administrative remedies are unavailable because they are time-barred."

**PLAINTIFF'S RESPONSE**

In response to defendants' motions, plaintiff argues that the statute of limitations was tolled until July 2004, swearing that he remained mentally incompetent for at least "two years and eight months between the date [he] was assaulted and the date [he] filed his complaint" in this case (Affidavit in Support of Plaintiff's Answer (Dkt. # 53), ¶ 10). He further avers that he did not file an administrative grievance because he was mentally and physically incapable of filing an administrative grievance within the 30 days following the assault, the time period for filing such a grievance while he was in the psychiatric hospital (*id.*, ¶ 11*)*.

In support of his argument that his mental incompetence tolled the statute of limitations, plaintiff presents medical evidence of his psychotic state in addition to his affidavit in which he claims that he was incompetent for at least two years and eight months (*see* attachments to Plaintiff's Motion to Accept Attachments (Dkt. # 54). After he was released from the Colorado State Hospital In May 2002 he was transferred to the San Carlos Correctional Facility where he remained until July, 2004, during which time he claims he remained mentally incompetent (Plaintiff's Answer at 1). In response to defendants' contention that he did not exhaust his administrative remedies, plaintiff claims that he was "mentally incompetent" and "psychotic" after the assault and was transferred to the psychiatric ward at the Colorado State Hospital in Pueblo for approximately six months, during which time the 30-day period to file an administrative grievance expired (*id.* at 5).

## THE MAGISTRATE JUDGE'S RECOMMENDATION

The Magistrate Judge recommends that both motions be denied. Properly applying the well-recognized standards, the Magistrate Judge notes that on a motion to dismiss "[t]he court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff" citing to *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000), and when the motion to dismiss is based on a statute-of-limitations defense it is granted "only if it appears beyond a doubt that Plaintiffs can prove no set of facts that toll the statute" citing to *Tello v. Dean Witter Reynolds, Inc.*, 410 F.3d 1275, 1288 n.13 (11th Cir. 2005).

The Magistrate Judge also properly states that state law determines the applicable statute of limitations and accompanying tolling provisions for § 1983 actions, citing to *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995). The Magistrate Judge correctly finds that C.R.S. § 13-81-103 provides for the tolling of any limitations period for the commencement of an action by any person suffering from a disability and provides that unrepresented persons with a disability may bring an action up to two years after the disability terminates, citing to *Neiberger v. Hawkins*, 208 F.R.D. 301, 311 (D. Colo. 2002). "Once the statute of limitations is raised as an affirmative defense, the burden shifts to the plaintiff to show that the statute has been tolled." *Overheiser v. Safeway Stores, Inc.*, 814 P.2d 12, 13 (Colo. App. 1991).

In the instant case, the Magistrate Judge found that plaintiff's pleadings and affidavit indicate that it cannot be demonstrated "beyond a doubt" that plaintiff can prove no set of facts that toll the statute of limitations, and therefore he recommends that aspect of the defendants' motions be denied.

With respect to defendants' argument that plaintiff did not demonstrate that he exhausted his administrative remedies as he was required to by the PLRA, the Magistrate Judge notes that under *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, (10th Cir. 2003), the defendants' interpretation would have been correct. However, after the States Defendants' motion was filed on January 18, 2007, the United States Supreme Court abrogated the rule set forth by the Tenth Circuit in *Steele*, and held that the burden is not on the plaintiff to demonstrate an exhaustion of administrative remedies in pleadings. *Jones v. Bock*, 127 S.Ct., 910, 912 (January 22, 2007).

Instead, the Supreme Court adopted the view of the majority of circuits, holding that the exhaustion of administrative remedies is an affirmative defense.  Therefore, the burden is on the defendants to demonstrate the failure of exhaustion by the plaintiff.  As the Tenth Circuit stated after the *Jones* decision, "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse."  *Freeman v. Watkins*, 479 F.3d 1257, 1260 (10th Cir. 2007).  Based on this change of law, the Magistrate Judge recommends denying the defendants' motions on the exhaustion argument.

**ANALYSIS**

As no objection has been filed to the Recommendation of the Magistrate Judge, this Court does not make a *de novo* review of the Recommendation, but reviews it only for clear error or ruling contrary to law.

This Court agrees with the Magistrate Judge that plaintiff has presented at least some evidence that he was incompetent for a period of at least two years and eight months while undergoing psychiatric treatment.  (Affidavit of Whitington (Dkt. # 53), ¶ 10).  Based on this showing, the Magistrate Judge found, and this Court agrees, that at this stage of the proceedings, the pleadings do not establish "beyond a doubt" that plaintiff cannot prove any set of facts that would toll the statute of limitations based upon his mental incapacity.  The Court also agrees with the statement of the Magistrate Judge that it is uncertain and speculative as to whether defendants' affirmative defense based on the statute of limitations, or plaintiff's claim for tolling based on mental incapacity, will be supported on summary judgment.  Nonetheless, as the issue is

before the Court on a Rule 12(b)(6) motion, plaintiff presents enough evidence to withstand a motion to dismiss.

Similarly, since plaintiff here presented specific evidence that he was in a mental institution at the time of the expiration of the 30 day time limit for the filing of an administrative grievance, the Court agrees with the Magistrate Judge that the burden is on defendants to show that plaintiff was nonetheless capable of filing such a grievance. At this point in the case, defendants have failed to make such showing. Accordingly, the motion to dismiss for failure to exhaust administrative remedies also be denied.

**CONCLUSION**

The Recommendation of the Magistrate Judge is ACCEPTED. The State Defendants' Motion to Dismiss Complaint (Dkt. #36) and Defendant Fred Caldwell's Motion to Dismiss Complaint (Dkt. # 46) are DENIED.

DATED: June 19, 2007

BY THE COURT:

*s/ Phillip S. Figa*

_____

Phillip S. Figa
United States District Judge