IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01245-EWN-CBS

MICHAEL WHITINGTON,

    Plaintiff,

v.

LT. SOKOL,
JOHN DOE,
C/O STRICKLER,
C/O SPROWELS,
C/O PINEDA,
C/O CALDWELL, and
C/O JOHNSON,

    Defendants.

## ORDER

Magistrate Judge Craig B. Shaffer

On January 23, 2008, the court heard oral argument on *pro se* Plaintiff Whitington's Motion to Compel Discovery (doc. # 102). Mr. Whitington's Complaint alleges that on October 25, 2001 at Limon Correctional Facility in Limon, Colorado, Defendants used excessive force on him in violation of his Eighth Amendment right to be free from cruel and unusual punishment. In pertinent part, Plaintiff's Motion to Compel sought "all of the Colorado Department of Correction Administrative Regulations, Operational Memorandums and Implemental Adjustments for the Correctional officers use of Force policies, customs, practices that were in place for October 25, 2001." Defendants argue that the disclosure of the requested policies and administrative materials

1

relating to the use of force in correctional facilities "would require the production of confidential and privileged information that would result in the comprise [sic] of security at all CDOC correctional facilities." During the hearing on January 23, 2008, I granted in part and denied in part Plaintiff's Motion to Compel. I also directed Defendants to produce the requested documents for my *in camera* review. The administrative materials provided for my *in camera* review have been designated for "Restricted Distribution" by the Colorado Department of Corrections.

Discovery procedures set forth in the Federal Rules of Civil Procedure seek to further the interests of justice by minimizing surprise at trial and ensuring wide-ranging discovery of information. *United States ex rel. Schwartz v. TRW, Inc.*, 2002 WL 31688812 (C.D. Cal. 2002). To that end, Rule 26(b) permits discovery "regarding any *nonprivileged* matter that is relevant to any party's claim or defense." S*ee* Fed.R.Civ.P. 26(b)(1) (emphasis added). Defendants cannot persuasively dispute the relevance of Department of Corrections use-of-force policies to the claim asserted by Mr. Whitington. *See Williams v. Board of County Commissioners*, 192 F.R.D. 698, 702 (D. Kan. 2000) (request for discovery should be considered relevant if there is any possibility the information sought may be relevant to a claim or defense). However, these administrative materials are not discoverable if they fall within a recognized privilege.

Federal common law recognizes an "official information" privilege that extends to the security considerations applicable to correctional facilities. *Cf. Jackson v. Brinker*, 147 F.R.D. 189, 202 (S.D. Ind. 1993) (acknowledging the judicial deference due to prison managers in matters of institutional management). *See also Thornburg v. Abbott*, 490 U.S. 401, 415 (1989) (stating that the legitimacy of the goal of protecting prison security is "beyond question");

*Toussaint v. McCarthy*, 801 F.2d 1080, 1104 (9th Cir. 1986) ("Courts must accord wide-ranging deference to prison administrators 'in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security'"). It should be noted, however, that the official information privilege is not absolute.

> In determining what level of protection should be afforded by this privilege, courts conduct a case by case analysis, in which the interests of the party seeking discovery are weighed against the interests of the government entity asserting the privilege.

*Soto v. City of Concord*, 162 F.R.D. 603, 613 (N.D. Cal. 1995).

Having reviewed *in camera* the documents tendered by the Colorado Department of Corrections, I conclude that prison security or inmate and staff safety would potentially be jeopardized if Plaintiff Whitington, who is still an inmate in the custody of the Colorado Department of Corrections, is given access to much of this material. *Cf. Castle v. Jallah*, 142 F.R.D. 618, 622 (E.D. Va. 1992) (in a case where the inmate plaintiff alleged the use of excessive force, held that disclosure of confidential department operating policies would jeopardize the security of the institution).[1] I am not certain, however, that privileged status should be accorded to these materials in their entirety. For example, Section I ("Policy") of Administrative Regulation (AR) 300-16RD simply provides a general statement of the circumstances that would justify the use of force by Department of Corrections personnel. In

---

[1]Indeed, much of the withheld information may not relevant to Plaintiff's claim, since his Complaint does not suggest that the alleged assault resulted from improper training by the Department of Corrections.

reality, Section I merely sets forth a standard that mirrors Colorado law.[2]  Without a more detailed explanation by the Department of Corrections, I fail to see how institutional security would be compromised by disclosure of the contents of Section I of AR 300-16RD.  I am also not convinced that Section IV(C) of AR 300-16RD must be withheld in its entirety.  The circumstances and manner under which use of force incidents must be reported by correctional staff certainly seems relevant to the claim in this case.  Disclosure of those after-the-fact reporting procedures would not seem to compromise prison security or jeopardize the safety of Department personnel.  If the Colorado Department of Corrections wishes to persist with its claim of privilege as to these specific portions of AR 300-16RD, I will require a more persuasive showing.

Accordingly, within fourteen (14) days of this Order, the Colorado Department of Correction should advise the court whether it will continue to oppose production the following portions of Administrative Regulation 2300-16RD:   (1) Section I at page 1, and (2) Section IV(C) at pages 5-7.  If the Department of Corrections wishes to persist with its claim of privilege as to the foregoing provision, it must provide this court with a detailed affidavit from a responsible official with personal knowledge of the matters to be attested to in the affidavit.  The affidavit must explain with particularly how dissemination of these provisions would create a substantial risk of harm to security or the safety of staff and inmates, and why these interests cannot be addressed effectively through redaction or other appropriate measures.

---

[2] Colorado Revised Statute § 18-1-703(1)(b) provides that correctional personnel may "in order to maintain order and discipline, use reasonable and appropriate physical force when and to the extent that [they] reasonably believe[] it necessary to maintain order and discipline, but . . . may use deadly force only when [they] reasonably believe[] it necessary to prevent death or serious bodily injury."

4

Dated this 14th day of February, 2008

BY THE COURT:


*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge