IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01245-PAB-CBS

MICHAEL WHITINGTON,

      Plaintiff,
v.

LT. SOKOL,
JOHN DOE,
C/O STRICKLER,
C/O SPROWELS,
C/O PINEDA,
C/O CALDWELL, AND
C/O JOHNSON,

      Defendants.

## STIPULATED PROTECTIVE ORDER

Upon motion of the parties for a for the entry of a protective order to protect the discovery and dissemination of confidential or proprietary information or information as permitted by Rule 26(c) of the Federal Rules of Civil Procedure as it relates to discovery in this case, IT IS ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in F.R.C.P 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

    3.    Information designated "CONFIDENTIAL" shall be information that is

confidential and implicates common law, proprietary or privacy interests of confidential information and shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. Documents, materials, and/or information designated "CONFIDENTIAL" (collectively "CONFIDENTIAL information") shall not, without the consent of the *party producing it* or further Order of the Court, be disclosed *except that* such information may be disclosed to:

(a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including their agents;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

Furthermore, nothing in this Order shall prohibit the Parties from disclosing their own documents that they had in their possession or control.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment (in the form attached hereto) stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents and other information shall be designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. The parties may designate certain highly CONFIDENTIAL information as "CONFIDENTIAL—ATTORNEYS EYES ONLY" (hereinafter, "Counsel-Only Material"), in the manner described in paragraphs 6 and 7, above. Such designation shall not be used routinely. Counsel-Only Material, and the information contained therein, shall be disclosed only to the Court, to counsel for the parties (including the paralegal, clerical, and secretarial staff

employed by such counsel), and to experts who execute the written acknowledgement described in paragraph 5 above. If disclosure of Counsel-Only Material is made pursuant to this paragraph, all other provisions in this Order with respect to confidentiality shall also apply, except where inconsistent with this paragraph.

9. If, after the exercise of due care, certain CONFIDENTIAL information or Counsel-Only Material is inadvertently not labeled as such by the producing party, the producing party may subsequently request of the receiving party that the receiving party accept substitute, properly labeled copies and that the receiving party thereafter treat such materials and information as Confidential information or Counsel-Only Material, as the case may be, pursuant to this Order. If the receiving party refuses such a request, then the producing party may file a motion with Court seeking an order directing the receiving party to treat the materials and information as Confidential information or Counsel-Only Material, as the case may be, pursuant to this Order. If such a motion is made, the receiving party shall, until such time, if ever, as the motion is denied, treat the materials and information as Confidential information or Counsel-Only Material, as the case may be, pursuant to this Order.

10 If CONFIDENTIAL and/or Counsel-Only Material is included in any papers to be filed with the Court, such papers shall be filed in a sealed envelope clearly labeled "CONFIDENTIAL—DISCLOSE ONLY SUBJECT TO COURT'S ORDER" and filed under seal until further order of the Court.

11. In one party challenges the designation of material as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY, the Parties shall confer and if they do not agree after the conferral, within 15 days the party that designated the material as

CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY must file a motion for a protective order or have the material lose its confidential status. The party that designated the material as CONDFIDENTIAL OR CONFIDENTIAL—ATTORNEYS EYES ONLY bears the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY. The disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY, as the case may be, under the terms of this Protective Order until the Court rules on the motion. Upon the filing of a motion relating to this Protective Order, a forthwith hearing will be scheduled.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY shall be returned to the party that designated it CONFIDENTIAL or CONFIDENTIAL—ATTORNEYS EYES ONLY, or the parties may elect to destroy CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS EYES ONLY documents. Where the parties agree to destroy CONFIDENTIAL and CONFIDENTIAL—ATTORNEYS EYES ONLY documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

13. By designating information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS EYES ONLY and producing such information pursuant to the terms of this Protective Order, no party waives any objections or statutory exemptions that may otherwise be asserted.

14. This Protective Order may be modified by the Court at any time for good cause

shown following notice to all parties and an opportunity for them to be heard.

DATED at Denver, Colorado, this 11th day of August, 2010.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge